**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| David Castro,<br><br>    Plaintiff,<br><br>v.<br><br>I.C. System, Inc., and Sprint<br><br>    Defendant(s). | Civil Action No: 6:19-cv-96<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff DAVID CASTRO ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM PLLC, for his complaint against Defendants I.C. SYSTEM, INC. (hereinafter "ICS"), AND SPRINT (hereinafter "SPRINT"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## PREMLIMINARY STATEMENT

1. This is an action for statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA), and for injunctive relief, damages, and attorney's fees and costs pursuant to Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## **PARTIES**

5. Plaintiff is a natural person residing at 502 Rose St., Chandler, TX 75758.

6. Plaintiff is allegedly obligated to pay a debt to Defendant.

7. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. Defendant I.C. System, Inc. ("ICS") is a company that is organized under the laws of the State of Minnesota.

10. Defendant ICS is a collection agency headquartered in St. Paul, MN.

11. Defendant ICS regularly collects debts from consumers in the State of Texas.

12. The "Current Creditor" is Sprint.

13. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the Current Creditor.

14. The Consumer Debt is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15. Plaintiff allegedly owes a debt (the "Consumer Debt") as defined by Tex. Fin. Code Ann. § 392.001(2).

16. Defendant ICS engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

17. At all times material hereto, Defendant ICS was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

18. Defendant ICS is a "debt collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

19. Defendant Sprint is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

20. Defendant Sprint engaged in "debt collection" as defined by Tex. Fin. Code Ann. § 392.001(5).

## FACTUAL ALLEGATIONS
*Violation – Collection Letter Dates February 25, 2019*

21. On or about February 25, 2019, Defendant ICS sent Plaintiff a collection letter ("Letter") to collect an alleged debt owed to Sprint in the amount of $1,141.12 for a cellular phone bill which included a cellular device that was allegedly not returned to Sprint. The Letter is attached hereto as Exhibit "A".

22. The Consumer Debt arose from a consumer cellular phone bill.

23. Plaintiff owes no outstanding balance to Defendant ICS or to Defendant Sprint. See Device Return Kit as Exhibit "B".

24. Defendant ICS continues to contact Plaintiff in an attempt to collect the Consumer Debt, even though the Plaintiff has told them the information is incorrect and he owes no balance.

25. Defendant ICS is not bonded in the State of Texas as a debt collector with the Texas Secretary of State.

26. Defendant ICS has engaged in illegal debt collection activities since it is not bonded in Texas.

27. Defendant ICS has falsely represented the character and amount of the Consumer Debt because the Consumer Debt is not past due and has no balance.

28. Plaintiff has suffered an informational injury from Defendant ICS' actions and Defendant ICS has furnished false derogatory information to the consumer reporting agencies.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f *et seq.* AGAINST DEFENDANT ICS

29. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

30. Defendant ICS' debt collection efforts against Plaintiff violated various provisions of the FDCPA.

31. Section §1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Including:

   (1) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2);

   (2) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10)

32. Section §1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Including:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1).

33. Defendant ICS violated the FDCPA when Defendant attempted to collect a debt that was not owed or past due and also when Defendant ICS attempted to illegally collect a debt in Texas without being licensed and bonded.

34. For these reasons, the Defendant ICS is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

### COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 292 *et seq.* AGAINST DEFENDANT ICS

35. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

36. The TDCA requires that any person collecting or attempting to collect a debt in Texas from Texas consumers must be bonded with the Texas Secretary of State.

37. Defendant ICS has attempted to collect a debt from Plaintiff by sending a letter to the Plaintiff at his residence in Texas.

38. Defendant ICS was not and currently is not bonded with the Texas Secretary of State as a debt collector.

39. As such, Defendant ICS has engaged in illegal collection activities in Texas and therefore has violated the TDCA.

40. For these reasons, the Defendant ICS is liable to the Plaintiff for damages, costs, and attorney's fees.

### COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 292 *et seq.* AGAINST DEFENDANT SPRINT

41. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

42. Defendant Sprint violated the TDCA at Tex. Fin. Code §392.303(2), when it attempted to collect a charges, fees, or expense not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, when it attempted to collect $1,141.12 from the Plaintiff when no balance was due or owed.

43. For these reasons, the Defendant Sprint is liable to the Plaintiff for damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

44. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against both Defendants for:

(1) Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2) Damages as provided for under the TDCA;

(3) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3) and the TDCA;

(4) Injunctive relief; and

(5) Such other or further relief as the Court deems proper.

DATED: March 18, 2019                    Respectfully Submitted,
                                         **SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*_____.
Shawn Jaffer – Attorney in Charge
TX Bar No.: 24107817
SDTX Bar No.: 3269218
6136 Frisco Square Blvd, Suite 400
Frisco, Texas 75034
Phone: (214) 210-9910
Fax:     (214) 594-6100
Email: Shawn@jafflaw.com
***Attorney for Plaintiff David Castro***